USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-16-09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IHC (UK) LTD.,

    Plaintiff,

-against-

JIANGSU GRAND LUCK CHEMICAL MINERALS LTD.,

    Defendant,

-and-

KAISHIN LOGISTICS CO. LIMITED and TRANSBULK COMPANY LIMITED as paying agents only.

09 Civ. 8715 (RMB)

**ORDER DIRECTING CLERK TO ISSUE PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT AND <u>APPOINTING PROCESS SERVER</u>**

---

On October 13, 2009, IHC (UK) Ltd. ("Plaintiff") filed a Verified Complaint in the captioned action against Jiangsu Grand Luck Chemical Minerals Ltd. ("Jiangsu" or "Defendant") and Kaishin Logistics Co. Limited ("Kaishin") and Transbulk Company Limited ("Transbulk," and together with Kaishin, "Paying Agents"), seeking damages of <u>**US$3,818,242.26**</u> inclusive of interest, costs and reasonable attorneys' fees, and seeking the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

The Court has reviewed the Verified Complaint and the Affidavit of Michael E. Unger, dated October 14, 2009, and finds that the conditions of Supplemental Admiralty Rule B appear to exist with respect to Defendant Jiangsu only.

The Verified Complaint and the Affidavit of Michael E. Unger, dated October 13, 2009 and October 14, 2009, respectively, have demonstrated to the Court's satisfaction that the

Defendant cannot be found within this district and regularly sends funds to others, which funds are routed electronically (electronic funds transfers) through New York banks.

**ACCORDINGLY, IT IS HEREBY**

**ORDERED,** that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to or being held for Defendant by any garnishee identified in Schedule A to this Order, upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, including funds representing electronic fund transfers originated by Defendant, in an amount of up to **US$3,818,242.26**, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further,

**ORDERED,** that any person claiming an interest in any property attached or garnished pursuant to this Order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show why the attachment and garnishment should not be vacated; and it is further,

**ORDERED,** that the any person at least 18 years of age and not a party to this action, employed with or appointed by Freehill Hogan & Mahar LLP, be and hereby is appointed to serve this Order and Process of Maritime Attachment and Garnishment on any garnishee identified in Schedule A to this Order and on such additional garnishees as so permitted herein; and it is further,

**ORDERED,** that no supplemental process specifying other or additional garnishees and enforcing the Court's Order may be issued by the Clerk without further written Order of the Court; and it is further,

**ORDERED**, that initial service by the United States Marshal or other designated process server shall be made personally upon each garnishee; and it is further,

**ORDERED**, that at the request of the garnishee, Plaintiff may be required to pay a reasonable fee to garnishee(s) for processing this attachment, as determined by each garnishee; and it is further,

**ORDERED,** that a copy of this Order be attached to and served with initial service of the Process of Maritime Attachment and Garnishment upon each garnishee; and it is further,

**ORDERED,** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(E) and/or (F), any garnishee may, except as otherwise ordered by the Court, consent to service to be effective and continuous for a period of time not to exceed 90 days from the date of this order. Such consent may be manifested in the garnishee's rules, policies or other instructions regarding service; and it is further,

**ORDERED,** that following initial service as described above, if any supplemental service of the Process of Maritime Attachment and Garnishment is required, it shall be made personally, unless the garnishee consents to service by way of facsimile transmission to a fax number designated by the garnishee for that purpose. Supplemental service can also be made by e-mail or other means if consented to by the garnishee pursuant to Fed. R. Civ. P. 5(b)(2)(E) and/or (F). Such consent may be manifested in the garnishee's rules, policies or other instructions regarding service; and it is further,

**ORDERED**, that any garnishee served with this Order, upon determining that it is in possession of any property which may be subject to this Order, shall, as soon thereafter as is practicable, advise counsel to the Plaintiff of such details about the attachment as are reasonably available to it. With respect to the attachment of an electronic funds transfer, the garnishee shall,

to the extent known, advise counsel for the Plaintiff of the following details: (1) amount of funds attached, (2) the exact name of the originator of the electronic funds transfer as reflected in the wire transfer information, (3) any available details about the purpose of the transfer (e.g., contained in the wire transfer documentation). The requirement for providing information shall be satisfied if the garnishee furnishes to the Plaintiff the payment order for the funds; and it is further,

**ORDERED**, that in the event Plaintiff restrains any assets pursuant to the Attachment Order, within five (5) days of this having occurred Plaintiff shall inform the Court in writing that it has restrained assets and within thirty (30) days of this having occurred shall inform the Court in writing whether it has arranged with Defendant and/or any third parties to establish a separate escrow account into which to transfer funds in the amount of the attached assets, or obtain mutually acceptable substitute security in the amount of such assets, or pay such funds into the Registry of the Court. If the parties agree to such an arrangement, then this case will be dismissed without prejudice, and, upon good cause written request by either party, the case will be reopened for the purposes of any necessary proceedings to enforce any judgment or arbitration award rendered in connection with a resolution of the merits of the dispute that is the subject of this action; and it is further,

**ORDERED**, that this attachment shall automatically expire 45 days after the date of this Order unless Plaintiff confirms by letter on or before the 45th day that it has actually (in fact) commenced arbitration or litigation on the merits of the claims underlying the attachment. Plaintiff may request by letter an extension of the Order if it shows good cause; and it is further,

**ORDERED**, that this Order shall automatically expire 90 days from the date of its issuance if no assets or other property has been restrained pursuant to this Order, unless the

4

Plaintiff shows good cause for an extension of this Order. All applications for extensions shall be made by letter to the Court; and it is further,

**ORDERED**, that upon expiration or vacatur of this Order pursuant to the two immediately preceding paragraphs, this Action may be dismissed by the Court; and it is further,

**ORDERED**, that this Order of Attachment does not cover any property of the Paying Agents; Plaintiff may file an application to join the Paying Agents by Thursday, October 29, 2009, that provides the Court with sufficient legal authority, analysis, and evidence as to why the Paying Agents should be joined as Defendants on the theory of alter-ego liability; and it is further,

**ORDERED**, the parties shall appear at a conference before the Court on Monday, November 30, 2009 at 9:00 am, in Courtroom 21B (21st floor) of the Daniel Patrick Moynihan United States District Courthouse, 500 Pearl Street, New York, New York 10007, to provide the Court with a report on the status of this matter (i.e. the attachment) and the underlying arbitration/litigation proceeding. At the time of the conference, if no property belonging to the Defendant(s) has been attached, and/or the underlying arbitration/litigation proceeding has not diligently been pursued, Plaintiff(s) must show cause why the Court should not dismiss the action.

Dated: New York, New York
       October 15, 2009

SO ORDERED:

_RMB_
**RICHARD M. BERMAN, U.S.D.J.**

## Schedule A

ABN AMRO Bank

Bank of America

BNP Paribas

Citibank

Deutsche Bank Trust Co.

HSBC

HSBC USA Bank NA

JPMorgan Chase Bank

Standard Chartered Bank

The Bank of New York

Wachovia Bank